UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JAMES M. BREWSTER and KAORI T.
BREWSTER,

                              Plaintiffs,

                v.

SEASIDE TRUSTEE of WASHINGTON,
INC., et al.,

                              Defendants.

CASE NO. C16-5732BHS

ORDER GRANTING IN PART
AND DENYING IN PART
DEFENDANT'S MOTION TO
DISMISS OR IN THE
ALTERNATIVE FOR SUMMARY
JUDGMENT

This matter comes before the Court on Defendant Fidelity National Title's

("Fidelity") motion to dismiss or in alternative for summary judgment (Dkt. 6). The

Court has considered the pleadings filed in support of and in opposition to the motion and

the remainder of the file and hereby grants the motion in part and denies the motion in

part for the reasons stated herein.

## I. PROCEDURAL HISTORY

On July 18, 2016, Plaintiffs James Brewster and Kaori Brewster's ("Brewsters")

filed a complaint in Clark County Superior Court for the State of Washington asserting

numerous causes of action against numerous defendants.  Dkt. 1-1 at 5–95 ("Comp.").

1   On August 19, 2016, Defendants Bayview Loan Servicing, LLC, Mortgage

2  Electronic Registration Systems, Inc., and The Bank of New York Mellon removed the

3  matter to this Court.  Dkt. 1.

4   On August 25, 2106, Fidelity filed the instant motion.  Dkt. 8.  On September 13,

5  2016, the Brewsters responded.  Dkt. 16.  On September 16, 2016, Fidelity replied.  Dkt.

6  17.

7                          **II. FACTUAL BACKGROUND**

8   In December 2005, the Brewsters executed a promissory note ("Note") that was

9  secured by a Deed of Trust ("DOT") on their current residence.  Comp., ¶ 3.1.  Fidelity

10  was the original trustee on the DOT.  *Id*., ¶ 3.5.  Defendants contend that the Brewsters

11  have been delinquent on their payments "since at least December 2007."  Dkt. 25 at 3.

12  The Brewsters filed this action to enjoin a pending foreclosure sale and assert causes of

13  action against various companies involved in the original transaction as well as

14  companies currently attempting to foreclose the subject property.

15                              **III. DISCUSSION**

16  **A.    Motion to Dismiss**

17   Fidelity moves to dismiss the Brewsters' complaint for failure to state a claim and

18  for insufficient service of process.  Dkt. 6.  Regarding the Brewsters' failure to state a

19  claim, motions to dismiss brought under Rule 12(b)(6) of the Federal Rules of Civil

20  Procedure may be based on either the lack of a cognizable legal theory or the absence of

21  sufficient facts alleged under such a theory.  *Balistreri v. Pacifica Police Department*,

22  901 F.2d 696, 699 (9th Cir. 1990).  Material allegations are taken as admitted and the

1   complaint is construed in the plaintiff's favor.  *Keniston v. Roberts*, 717 F.2d 1295, 1301

2   (9th Cir. 1983).  To survive a motion to dismiss, the complaint does not require detailed

3   factual allegations but must provide the grounds for entitlement to relief and not merely a

4   "formulaic recitation" of the elements of a cause of action.  *Bell Atlantic Corp. v.*

5   *Twombly*, 127 S. Ct. 1955, 1965 (2007).  Plaintiff must allege "enough facts to state a

6   claim to relief that is plausible on its face."  *Id*. at 1974.

7       In this case, the Brewsters have alleged sufficient allegations to put Fidelity on

8   notice of their claims.  *See* Dkt. 16 at 4–5.  All of the claims are based on the allegation

9   that Fidelity was not a legal holder of the Brewsters' Note.  While the claims may be

10  deficient for other reasons, the Court finds that the Brewsters have sufficiently alleged

11  claims against Fidelity.  Therefore, the Court denies Fidelity's motion on this issue.

12      Regarding the Brewster's failure to serve Fidelity, a "Rule 12(b)(5) motion is the

13  proper vehicle for challenging the mode of delivery or lack of delivery of the summons

14  and complaint."  *Wasson v. Riverside Cty.*, 237 F.R.D. 423, 424 (C.D. Cal. 2006).  The

15  "Court has the discretion to dismiss the action against [the defendant] or to quash service

16  of process on [the defendant.]"  *Id*. (citing *Stevens v. Security Pac. Nat'l Bank*, 538 F.2d

17  1387, 1389 (9th Cir. 1976)).

18      In this case, Fidelity has shown that the Brewsters failed to properly serve Fidelity.

19  The Brewsters do not contest this failure arguing that the time for service has not expired.

20  Dkt. 16 at 6.  The Court accepts this argument as a request to quash service instead of

21  dismissing the action.  The Court concludes that quashing service is the appropriate

22  remedy at this time.  Therefore, the Court grants Fidelity's motion on this issue.

**B.      Motion for Summary Judgment**

In the alternative, Fidelity moves for summary judgment on the Brewsters' claims. Dkt. 6 at 5.  Fidelity provides one paragraph arguing that it is entitled to summary judgment because it "has not been the Trustee on the Deed of Trust that is the subject of this lawsuit since July 2008, over eight years ago." *Id.*  While this appears to be a statute of limitations defense, Fidelity provides no authority in support of its position on the merits.  The Court declines to *sua sponte* analyze the timeliness issue because it would violate the Brewsters' due process rights.  Therefore, the Court denies Fidelity's motion for summary judgment for failing to show that they are entitled to judgment as a matter of law.  *See* Fed. R. Civ. P. 56(a).

**IV. ORDER**

Therefore, it is hereby **ORDERED** that Fidelity's motion to dismiss or in alternative for summary judgment (Dkt. 6) is **GRANTED in part** and **DENIED in part** as stated herein.

Dated this 2nd day of November, 2016.

BENJAMIN H. SETTLE
United States District Judge

ORDER - 4