UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JAMES M. BREWSTER and KAORI T. BREWSTER,<br><br>               Plaintiffs,<br><br>   v.<br><br>SEASIDE TRUSTEE of WASHINGTON, et al.,<br><br>              Defendants. | CASE NO. C16-5732BHS<br><br>ORDER DENYING PLAINTIFFS' EMERGENCY MOTION FOR A TEMPORARY RESTRAINING ORDER |

    This matter comes before the Court on Plaintiffs James M. Brewster and Kaori T. Brewster's ("Brewsters") emergency motion for temporary restraining order (Dkt. 40).

    On October 17, 2016, the Court granted in part the Brewsters' first emergency motion for a temporary restraining order (Dkt. 21) and issued a restraining order to enjoin the pending foreclosure sale of the Brewsters' home. Dkt. 33. On November 15, 2016, the Brewsters filed the instant motion requesting that the injunction be modified to prevent a foreclosure sale until at least 45 days after the injunction is dissolved. Dkt. 40.

    Washington's Deeds of Trust Act provides, in relevant part, as follows:

ORDER - 1

> If the restraining order or injunction is dissolved after the date of the trustee's sale set forth in the notice as provided in RCW 61.24.040(1)(f), the court granting such restraining order or injunction, or before whom the order or injunction is returnable, shall, at the request of the trustee, set a new sale date which shall be not less than forty-five days from the date of the order dissolving the restraining order.

RCW 61.24.130(3).

The Brewsters assert that Defendant Seaside Trustee of Washington, Inc. ("Seaside") has scheduled and intends to schedule a foreclosure sale for the first Friday after the Court dissolves the injunction. While the Brewsters have submitted an email that confirms this assertion, Seaside's attorney also stated that if his intended course of action presents some legal problem, then he would reconsider his position. Dkt. 40 at 23. It appears that neither attorney was aware of RCW 61.24.130(3) because, in the same email, the Brewsters' attorney asked for a foreclosure sale two weeks after the Court rules on any pending motion. *Id*. Regardless, the Court concludes that the Brewsters' motion is unnecessary and could have been avoided had the parties' attorneys researched the law and worked together. In the absence of any actual evidence that Seaside intends to not follow the law and proceed at its own peril, there is no need to modify the injunction. Therefore, the Court **DENIES** the Brewsters' motion.

**IT IS SO ORDERED**.

Dated this 15th day of November, 2016.

_____
BENJAMIN H. SETTLE
United States District Judge