UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JAMES M. BREWSTER and KAORI T. BREWSTER,

    Plaintiffs,

v.

SEASIDE TRUSTEE of WASHINGTON, et al.,

    Defendants.

CASE NO. C16-5732BHS

ORDER GRANTING DEFENDANTS' MOTION TO AMEND

This matter comes before the Court on Defendants Seaside Trustee of Washington, Mortgage Electronic Registration Systems, Inc., The Bank of New York Mellon, and Bayview Loan Servicing, LLC's ("Defendants") motion to amend answer (Dkt. 28). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby grants the motion for the reasons stated herein.

**I. PROCEDURAL HISTORY**

On July 18, 2016, Plaintiffs James Brewster and Kaori Brewster ("Brewsters") filed a complaint in Clark County Superior Court for the State of Washington asserting

ORDER - 1

numerous causes of action against numerous defendants. Dkt. 1-1 at 5–95. On August 19, 2016, Defendants removed the matter to this Court. Dkt. 1.

On August 26, 2016, Defendants answered the complaint. Dkt. 9. Relevant to the instant motion, Defendants admitted paragraphs 4.9 and 4.11–4.16 in the Brewsters' complaint. *Id*. at 6.

On October 13, 2016, Defendants filed a motion to amend their answer. Dkt. 28. On October 14, 2016, the Brewsters responded. Dkt. 30. On October 28, 2016, Defendants replied. Dkt. 35.

## II. DISCUSSION

At this point of the proceeding, Defendants may amend their "pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). When presented with a motion to amend, the Court should consider "bad faith, undue delay, prejudice to the opposing party, futility of the amendment, and whether the party has previously amended his pleadings." *Caswell v. Calderon*, 363 F.3d 832, 837 (9th Cir. 2004) (quoting *Bonin v. Calderon*, 59 F.3d 815, 844–45 (9th Cir. 1995)).

In this case, Defendants argue that the Court should grant leave to amend because the answer contains an inadvertent mistake. Dkt. 28 at 1. In such circumstances, justice should allow an amendment to determine the claims on the merits instead of accidental admissions. The Brewsters, however, argue that Defendants have acted in bad faith and any amendment would prejudice the Brewsters. With regard to the former, the Brewsters have failed to submit any evidence of bad faith. In fact, Defendants are the only parties

that have been hurt by the admissions, which directly resulted in the Court enjoining the pending foreclosure sale, and they only seek to restore their right to contest the Brewsters' claims on the merits. With regard to prejudice, the Brewsters' argument is without merit. While allowing the amendments will require the Brewsters to prosecute their claims on the merits, they have no vested right to succeed based solely on attorney error.

### III. ORDER

Therefore, it is hereby **ORDERED** that Defendants' motion to amend answer (Dkt. 28) is **GRANTED**. Defendants shall file the amended answer as a separate entry on the electronic docket. The parties shall also file a joint status report stating their positions whether supplemental briefing is necessary on the Brewsters' motion for preliminary injunction or judgment on the pleadings (Dkt. 21) in light of the amendments. The report is due no later December 9, 2016.

Dated this 28th day of November, 2016.

BENJAMIN H. SETTLE
United States District Judge