UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JAMES M. BREWSTER and KAORI T. BREWSTER,

    Plaintiffs,

v.

SEASIDE TRUSTEE of WASHINGTON, INC., et al.,

    Defendants.

CASE NO. C16-5732BHS

ORDER DENYING PLAINTIFFS' MOTION FOR JUDGMENT ON THE PLEADINGS, PERMANENT INJUNCTION, AND PRELIMINARY INJUNCTION, DISSOLVING TEMPORARY RESTRAINING ORDER, AND SETTING FORECLOSURE SALE

This matter comes before the Court on Plaintiffs James Brewster and Kaori Brewster's ("Brewsters") emergency motion for preliminary injunction or judgment on the pleadings (Dkt. 21). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby denies the motion for the reasons stated herein.

**I. PROCEDURAL HISTORY**

On July 18, 2016, the Brewsters filed a complaint in Clark County Superior Court for the State of Washington asserting numerous causes of action against numerous defendants. Dkt. 1-1 at 5–95 ("Comp.").

ORDER - 1

On August 19, 2016, Defendants Bayview Loan Servicing, LLC ("Bayview"), Mortgage Electronic Registration Systems, Inc. ("MERS"), and The Bank of New York Mellon ("BNYM") removed the matter to this Court. Dkt. 1.

On August 26, 2016, Defendants Bayview, MERS, BNYM, and Seaside Trustee of Washington, Inc. ("Defendants") answered the complaint. Dkt. 9. Relevant to the instant motion, Defendants admitted paragraphs 4.9 and 4.11–4.16 in the Brewsters' complaint. *Id*. at 6.

On October 7, 2016, the Brewsters filed the instant motion and, although not entirely clear, appear to be seeking a temporary restraining order, a preliminary injunction, a permanent injunction, and/or judgment on the pleadings. Dkt. 21. On October 11, 2016, Defendants responded and, in a footnote, requested amendment of the answer because the relevant admissions were clerical error. Dkt. 25. On October 13, 2016, the Brewsters replied. Dkt. 27.

On October 13, 2016, Defendants moved to amend their answer. Dkt. 28. On October 14, 2016, the Brewsters responded. Dkt. 30.

On October 17, 2016, the Court granted the Brewsters' motion as to temporary relief because, based on the operative pleadings, Defendants admitted that the statute of limitations had run. Dkt. 33. The Court renoted the motion on all other issues. *Id*.

On November 28, 2016, the Court granted Defendants' motion to amend their answer and requested whether the parties needed additional briefing on the merits of the Brewsters' pending motion for preliminary and permanent injunction and for judgment

on the pleadings.  Dkt. 43.  On December 5, 2016, the parties submitted a joint status report requesting deadlines for additional briefing.  Dkt. 44.

On December 13, 2016, the Brewsters filed a supplemental brief.  Dkt. 45.  On December 23, 2016, Defendants replied.  Dkt. 48.

## II. FACTUAL BACKGROUND

In December 2005, the Brewsters obtained a loan from Winstar Mortgage Partners.  Comp., ¶ 3.2.  They executed a Note secured by a Deed of Trust ("DOT") naming the original trustee as Fidelity National Title, and naming MERS as the beneficiary and nominee for Winstar Mortgage Partners, Inc.  *Id*., ¶ 3.5.

On or about October 20, 2011, MERS recorded an Assignment of Deed of Trust to BNYM, as Trustee for the Certificate-Holders of CWMBS, Inc., Alternative Loan Trust 2006-OA1.  Dkt. 26, Declaration of Gerardo Trueba ("Trueba Decl."), ¶ 5.  Bayview serviced the loan on behalf of BNYM.  *Id*., ¶ 6. On November 16, 2015, Bayview, as servicer for beneficiary BNYM, appointed Seaside as successor trustee.  *Id*., Exh. C.

On December 1, 2007, the Brewsters "made their last payment on the Note." Comp., ¶ 3.7.  Based upon communications to the lender, the Brewsters admitted that they simply have not had sufficient funds to carry the loan since late 2007.  Trueba Decl., Exh. G.  By August 2008, the Brewsters' loan was sufficiently behind to compel their prior trustee to send a Notice of Default.  Comp., ¶ 3.11.  The Brewsters allege that this Notice of Default "accelerated" the entire amount due to be paid on or before a Trustee Sale set for November 7, 2008.  Comp., ¶ 3.24.  The Brewsters further allege that based upon their inability to cure the default, the loan was accelerated by the fact that the

"entire amount due under the Note and Deed of Trust became due on November 7, 2008 extended to November 21, 2008." Comp., ¶ 4.8.

In 2016, the trustee and beneficiary initiated a new non-judicial foreclosure process. Comp., ¶¶ 1.1, 3.7–3.9. Ninety-eight days after posting of the Notice of Default, on April 5, 2016, a Notice of Trustee's sale was recorded. Trueba Decl., Exh. 5.

### III. DISCUSSION

**A.   Judgment on the Pleadings**

"After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "Judgment on the pleadings is proper when the moving party clearly establishes on the face of the pleadings that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law." *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1550 (9th Cir. 1989).

In this case, the Brewsters fail to show that, based on the face of the operative pleadings, no material questions of fact exist for trial. In fact, the Brewsters' citations to the pleadings state that material questions of fact have been raised. *See* Dkt. 45 at 30. Therefore, the Court denies the Brewsters' motion for judgment on the pleadings.

**B.   Injunction**

Although the Brewsters move for both a preliminary and permanent injunction, there is absolutely no authority for the issuance of a permanent injunction at this point of the proceeding. Therefore, the Court denies the Brewsters' motion for a permanent injunction and will consider the arguments pertaining to the preliminary injunction.

A plaintiff seeking preliminary relief must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest. *Winter v. Natural Resources Defense Council*, 555 U.S. 7, 20 (2008).

In this case, the Brewsters' motion is difficult to follow. Although they briefly mention numerous claims, it appears that the request for an injunction is based on their claims for Defendants' violations of the Washington Consumer Protection Act ("CPA") and Deed of Trust Act ("DTA"). Dkt. 45 at 46 ("Plaintiffs seek a preliminary injunction under RCW 61.24.130 and RCW 19.86.090."). Regarding the CPA claim, the Brewsters rely principally on the Washington Supreme Court decision *Bain v. Metropolitan Mortgage Group, Inc.*, 175 Wn.2d 83 (2012), and the argument that MERS was not a lawful beneficiary in Washington. Dkt. 45 at 21–22. The problem with the Brewsters' argument is that MERS's involvement alone does not establish the requisite injury of a CPA claim. Although the Brewsters allege that they "didn't know who the lender was" and they "rescinded the loan," which has led to the instant foreclosure, they have failed to submit any evidence to show that these allegations were as a result of MERS's involvement in the origination. Moreover, the Brewsters have failed to show that, if or when the Court properly identifies what entity is due the almost $200,000 in unpaid principal and interest, the Brewsters are able and willing to pay that entity. In fact, there is no evidence of competing claims for payments, which would add substance to the Brewsters' claims. Therefore, the Court denies the motion on the basis of the CPA claim because the Brewsters have failed to show a likelihood of success on the merits.

1    Regarding the DTA claim, the Brewsters' "show me the note" argument and its

2 permutations have been repeatedly rejected by federal courts.  The Brewsters fail to

3 submit any evidence that the foreclosing entity is not entitled to do so.  In fact, if the

4 Brewsters owed some other entity instead of the ones involved in this non-judicial

5 foreclosure, the other entity surely would have contacted the Brewsters sometime after

6 they stopped making payments in December 2007.  In the absence of evidence, this

7 argument defies logic.  Therefore, the Court denies the Brewster's motion on the basis of

8 their DTA claim.

9 **C.    Temporary Restraining Order**

10   Defendants request that the Court dissolve the temporary restraining order and set

11 a new sale date pursuant to RCW 61.24.130(3).  Dkt. 48 at 10.  The Court agrees with

12 Defendants that both of these requests are warranted.

13                                      **IV. ORDER**

14   Therefore, it is hereby **ORDERED** that the Brewsters' emergency motion for

15 preliminary injunction or judgment on the pleadings (Dkt. 21) is **DENIED** and the

16 temporary restraining order is **DISSOLVED**.  A foreclosure sale is hereby set for March

17 31, 2017.

18   Dated this 8th day of February, 2017.

_____
BENJAMIN H. SETTLE
United States District Judge