UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JAMES M. BREWSTER and KAORI T. BREWSTER,<br><br>Plaintiffs,<br>v.<br><br>SEASIDE TRUSTEE OF WASHINGTON, INC., et al.,<br><br>Defendants. | CASE NO. C16-5732 BHS<br><br>ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO VOLUNTARILY DISMISS |

This matter comes before the Court on Plaintiffs James and Kaori Brewster's ("Brewsters") motion to voluntarily dismiss. Dkt. 82.

On November 22, 2017, the Brewsters filed the instant motion requesting that the Court dismiss their claims without prejudice. *Id*. The Brewsters assert that, after their attorney withdrew, the matter is "too cumbersome to litigate at this time." *Id*. at 2. On December 11, 2017, Defendants Bayview Loan Servicing, LLC, Mortgage Electronic Registration Systems, Inc., Seaside Trustee of Washington, Inc., and The Bank of New York Mellon ("Defendants") responded objecting to dismissal with prejudice. Dkt. 83.

ORDER - 1

Once a party answers the complaint, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 42(a)(2). "When ruling on a motion to dismiss without prejudice, the district court must determine whether the defendant will suffer some plain legal prejudice as a result of the dismissal." *Westlands Water Dist. v. United States*, 100 F.3d 94, 96 (9th Cir. 1996). The Ninth Circuit has held that legal prejudice is "prejudice to some legal interest, some legal claim, [or] some legal argument." *Id.* at 97. However, "expense incurred in defending against a lawsuit does not amount to legal prejudice." *Id.* If the court conditions dismissal on the payment of costs and expenses, "a defendant is entitled only to recover . . . attorneys fees or costs for work which is not useful in continuing litigation between the parties." *Koch v. Hankins*, 8 F.3d 650, 652 (9th Cir. 1993).

In this case, Defendants assert numerous arguments against the Brewsters' request to dismiss without prejudice. First, to the extent that Defendants seek affirmative relief in their response, the Court denies the requests. For example, Defendants seem to seek a ruling that they are entitled to attorney's fees and costs pursuant to provisions in the deed of trust. Dkt. 83 at 6–9. Defendants also embedded a motion to dismiss the Brewsters' claims arguing that some claims fail to state a claim and others are time-barred. Dkt. 83 at 11–18. These objections are procedurally improper, and Defendants have failed to cite any authority for the proposition that they should be considered in a response to a motion to dismiss.

Second, to the extent that Defendants will suffer some legal prejudice for a dismissal without prejudice, the Court agrees. The Court finds that some conditions

should be imposed to protect Defendants from incurring repetitive costs in the event the Brewsters refile these claims.  Therefore, the Court imposes the following conditions:

    1) If the Brewsters re-file the same or a substantially similar lawsuit in any other court, they will not object to Defendants use of any discovery conducted, exchanged, or obtained in this litigation on grounds that the discovery was not conducted, exchanged or obtained in the Brewsters' re-filed suit;

    2) If the Brewsters re-file the same or a substantially similar lawsuit, the Brewsters shall bear Defendants costs from this suit for discovery, motion practice, or any other items, which Defendants are able to demonstrate cannot be used in the future litigation;

    3) The Brewsters shall file a notice no later than January 12, 2018, stating that they accede to the court's conditions before a dismissal without prejudice will be entered in this matter, or that they will instead proceed with this case.  *See, e.g., Mitchell-Jones v. Menzies Aviation, Inc.*, C10-1190JLR, 2011 WL 3273221, at *4 (W.D. Wash. July 28, 2011); *Chicano v. Monier, Inc.*, No. C06–5028FDB, 2007 WL 951761, at *3 (W.D. Wash. Mar.27, 2007).  Failure to respond will be considered as an acceptance of these conditions; and

    5) If a dismissal without prejudice is entered, the court will retain jurisdiction over this lawsuit for the limited purpose of hearing and ruling on any motions by Defendants for costs and reasonable attorney's fees that should be awarded if the Brewsters refile the same or a substantially similar lawsuit.

**IT IS SO ORDERED**.

Dated this 22nd day of December, 2017.

                                              _____
                                              BENJAMIN H. SETTLE
                                              United States District Judge