UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JAMES M. BREWSTER and KAORI T. BREWSTER,<br><br>Plaintiffs,<br>v.<br><br>SEASIDE TRUSTEE OF WASHINGTON, INC., et al.,<br><br>Defendants. | CASE NO. C16-5732 BHS<br><br>ORDER DENYING PLAINTIFFS' MOTION FOR AN ACCOUNTING, DISMISSING CLAIMS WITHOUT PREJUDICE, AND IMPOSING CONDITIONS OF DISMISSAL |

This matter comes before the Court on the Court's order granting in part and denying in part Plaintiffs James and Kaori Brewster's ("Brewsters") motion to voluntarily dismiss, Dkt. 85, and the Brewsters' response, Dkt. 87.

On November 22, 2017, the Brewsters filed the motion requesting that the Court dismiss their claims without prejudice. *Id*. On December 11, 2017, Defendants Bayview Loan Servicing, LLC, Mortgage Electronic Registration Systems, Inc., Seaside Trustee of Washington, Inc., and The Bank of New York Mellon ("Defendants") responded objecting to dismissal without prejudice. Dkt. 83. On December 22, 2017, the Court granted the motion in part and denied it in part proposing certain conditions on any dismissal without prejudice. Dkt. 87. One of the proposed conditions was that the

ORDER - 1

Brewsters shall bear Defendants' costs from work on this suit that Defendants can demonstrate they are not able to use on any subsequent suit. *Id*. On January 16, 2018, the Brewsters responded, agreed to the proposed conditions, and requested an accounting of Defendants' costs from this suit that they might claim reimbursement for in a subsequent suit. Dkt. 87.

The Court denies the Brewsters' motion for an accounting because it would impose unnecessary additional work on Defendants and because costs for unusable work would depend on any claims the Brewsters asserted in a subsequent suit. Therefore, the Court **DENIES** the Brewsters' motion for an accounting, **DISMISSES** the Brewsters' remaining claims **without prejudice**, and imposes conditions on the dismissal without prejudice as follows:

1. If the Brewsters re-file the same or a substantially similar lawsuit in any other court, they will not object to Defendants' use of any discovery conducted, exchanged, or obtained in this litigation on grounds that the discovery was not conducted, exchanged or obtained in the Brewsters' re-filed suit;

2. If the Brewsters re-file the same or a substantially similar lawsuit, the Brewsters shall bear Defendants' costs from this suit for discovery, motion practice, or any other items, which Defendants are able to demonstrate cannot be used in the future litigation; and

3. The Court will retain jurisdiction over this lawsuit for the limited purpose of hearing and ruling on any motions by Defendants for costs and reasonable attorney's

fees that should be awarded if the Brewsters refile the same or a substantially similar lawsuit.

**IT IS SO ORDERED**.

Dated this 29th day of January, 2018.

BENJAMIN H. SETTLE
United States District Judge